UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELO SHARIES MOSES                                    CIVIL ACTION

VERSUS                                                               NO. 15-464-SDD-RLB

SID J. GAUTREAUX, III, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 6, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANGELO SHARIES MOSES**                                              **CIVIL ACTION**

**VERSUS**                                                                          **NO. 15-464-SDD-RLB**

**SID J. GAUTREAUX, III, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by defendant City of Baton Rouge/Parish of East Baton Rouge ("EBR"), on behalf of Prison Medical Services ("PMS"), a division of Emergency Medical Services. (R. Doc. 13). The Motion is opposed. (R. Doc. 19). PMS has filed a Reply. (R. Doc. 21).

Also before the court is a Motion to Dismiss filed defendants Sid J. Gautreaux, III, individually and as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux") and Lt. Col. Dennis Grimes, individually and as Warden of the East Baton Rouge Parish Prison ("Warden Grimes") (R. Doc. 15). The Motion is opposed. (R. Doc. 18). Sheriff Gautreaux and Warden Grimes have filed a Reply. (R. Doc. 20).

As both motions seek dismissal of claims pursuant to Rule 12 of the Federal Rules of Civil Procedure, the court considers them together.

**I.      Background**

Angelo Sharies Moses ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 to allege a violation of her deceased son's rights under the Eighth Amendment of the U.S. Constitution by Sheriff Gautreaux, Warden Grimes, PMS, and EBR. (R. Doc. 8, "Am. Compl."). Plaintiff also brings state law claims pursuant to Louisiana Civil Code articles 2315.1 (survivor action) and 2315.2 (wrongful death action). (Am. Compl., ¶ 5).

1

Plaintiff is the natural mother of Antwoin Seymour Harden ("Harden"), who died on July 27, 2014. (Am. Compl., ¶ 7). Harden was diagnosed with Sickle Cell Disease ("SCD") shortly after birth. (Am. Compl., ¶ 8). On or about March 21, 2012, a permanent intravenous port was inserted into Harden's left torso for the quick administration of fluids and pain medications should Harden have an SCD crisis. (Am. Compl., ¶ 8). According to Plaintiff, the intravenous port required flushing by a medically trained person at least once a month. (Am. Compl., ¶ 8).

Harden was arrested in "late July, 2014" for trespassing and was placed into the East Baton Rouge Parish Prison ("EBR Prison"). (Am. Compl., ¶ 11). Plaintiff alleges that there is no information to suggest that Harden "was in a compromised medical state" at the time he was booked into prison. (Am. Compl., ¶ 11). Harden's father, Rico Seymour Hardin, an employee of the EBR Prison's central booking department, "was notified" that his son was placed in prison in light of his position. (Am. Compl., ¶ 12).

Plaintiff alleges that all of the Defendants were apprised of Harden's SCD and "failed to obtain adequate medical attention that would have preserved his life." (Am. Compl., ¶ 13). "Defendants' failure to provide adequate medical care for [Harden] is the direct and proximate cause of [Harden's] death." (Am. Compl., ¶ 17). Plaintiff alleges that the Defendants knew, or should have known, that Harden had SCD based upon the visible nature of the port when Harden was disrobed. (Am. Compl., ¶ 26). Plaintiff alleges that the Defendants violated Harden's Eighth Amendment rights when they showed "deliberate indifference" to his "serious medical needs while incarcerated." (Am. Compl., ¶ 15).

Plaintiff alleges that the coroner's report states that the cause of Harden's death was bilateral pulmonary embolism, a blood clot affecting the lungs. (Am. Compl., ¶ 24). Plaintiff

2

alleges that bilateral pulmonary embolism and other blood clots are widely regarded in the medical field to be "the main risk factor for failing to flush a medical port." (Am. Compl., ¶ 24).

Plaintiff alleges that Sheriff Gautreaux, in his official capacity, is "vicariously liable for the negligent acts of his employees at the East Baton Rouge Parish Prison who acted below a standard of care expected by trained law enforcement personnel." (Am. Compl., ¶ 18).  Sheriff Gautreaux, in his official and individual capacities, is "liable for failing to train and supervise prison personnel to act in accordance with law with regard to inmate care." (Am. Compl., ¶ 19).

Plaintiff alleges that Warden Grimes, in his official and individual capacities, "is liable for failing to directly supervise employees with regard to inmate services and inmate's rights." (Am. Compl., ¶ 20).

Finally, Plaintiff alleges that EBR is "liable for the negligent acts of its employees at Prison Medical Services who acted below a standard of care expected of trained medical personnel" and is "responsible for setting policy and procedure in the administration of medical services to prison inmates." (Am. Compl., ¶ 21).[1]

## II.     Arguments of the Parties

### A.     Motion to Dismiss by EBR

EBR denies any liability on the basis that it cannot be vicariously liable for tortious acts of their employees. (R. Doc 13-1 at 2).  EBR argues that this court lacks subject matter jurisdiction, under Rule 12(B)(1), because the claims alleged against it are in the nature of medical malpractice, and have not been presented to a medical review panel, as required by La.

---

[1] As Plaintiff does not raise specific allegations against PMS, the court will consider Plaintiff's claims against EBR and PMS together, and refer to both entities as EBR throughout this Report and Recommendation.

R.S. § 40:1299.47.[2]  (R. Doc. 13-1 at 3-7).  EBR also argues that Plaintiff has failed to state a claim upon which relief can be granted, under Rule 12(b)(6), because Plaintiff failed to allege sufficient facts to give EBR a fair warning of the complaints claimed and the grounds upon which they are based in light of the conclusory allegations in the Amended Complaint. (R. Doc. 13-1 at 7-9).  EBR argues that it cannot be liable solely for the negligent acts of its employees based on the theory of *respondeat superior*. (R. Doc. 13-1 at 10).  Finally, EBR argues that Plaintiff's state law survivor and wrongful death claims should be dismissed because the sole remedy available to Plaintiff under state law is a medical malpractice claims.  (R. Doc. 13-1 at 11).

In opposition, Plaintiff argues that the Amended Complaint sufficiently states a claim against EBR upon which relief can be granted. (R. Doc. 19 at 3-6).  Plaintiff argues that it is common knowledge that PMS "operates and has been operating for years with an insufficient number of Medical staff and insufficient medical supplies" as documented by a recent article in The Advocate newspaper. (R. Doc. 19 at 5).  Plaintiff further states that she has not alleged a claim for recovery against EBR pursuant to Section 1983 under the theory of *respondeat superior*. (R. Doc. 19 at 6).  Finally, Plaintiff argues that she has not stated a cause of action for medical malpractice and that the court has supplemental jurisdiction over her state law claims. (R. Doc. 19 at 7-8).

In reply, EBR again asserts that the Amended Complaint does not meet the pleading requirements required to allege a Section 1983 claim against it.  (R. Doc. 21).

---

[2] La R.S. § 40:1299.47 provides that "All malpractice claims against healthcare providers covered by this Part . . . Shall be reviewed by a medical review panel."

4

B.     **Motion to Dismiss by Sheriff Gautreaux and Warden Grimes**

Sheriff Gautreaux and Warden Grimes argue that Plaintiff fails to state a claim for violations of the Eighth Amendment under Section 1983 against them in their individual capacities in light of the defense of qualified immunity. (R. Doc. 15-1 at 4).  Sheriff Gautreaux and Warden Grimes argue that Plaintiff has failed to allege specific conduct by them that would give rise to a constitutional violation and failed to allege they were personally involved in alleged acts or omissions that led to Harden's death. (R. Doc. 15-1 at 5).  Sheriff Gautreaux and Warden Grimes argue that Plaintiff fails to state a claim for violations of the Eighth Amendment under Section 1983 against them in their official capacities because Plaintiff has failed to allege that any act or omission pursuant to an official municipal policy, practice, or procedure caused Harden's death. (R. Doc. 15-1 at 10-11).  Sheriff Gautreaux and Warden Grimes also argue that Plaintiff has failed to state a claim under Section 1983 for failure to train and/or supervise their employees. (R.Doc 15-1 at 11).  Sheriff Gautreaux and Warden Grimes argue that as supervisors may not be held liable under Section 1983 on a theory of vicarious liability, and that Plaintiff has failed to allege that they were personally involved in Plaintiff's injury. (R. Doc. 15-1 at 12).  Sheriff Gautreaux and Warden Grimes further argue that Plaintiff's state law claims should be dismissed. (R. Doc 15-1 at 16-19).

In opposition, Plaintiff argues that the Amended Complaint sufficiently states a claim against Sheriff Gautreaux and Warden Grimes upon which relief can be granted. (R. Doc. 18 at 3-5).  Plaintiff argues that Sheriff Gautreaux and Warden Grimes should not be granted qualified immunity on the claims raised against them in their individual capacity because "trained professional sheriff deputies serving as prison guards, serving exclusively within a prison system and prison inmates, would have known that their acts or failure to act in providing adequate

5

medical care to an inmate violated clearly established law." (R. Doc 18 at 5-6). Plaintiff argues that Sheriff Gautreaux and Warden Grimes should be held liable because it is common knowledge that PMS "operates and has been operating for years with an insufficient number of Medical staff and insufficient medical supplies as documented by a recent article in The Advocate newspaper". (R. Doc. 18 at 7).

In reply, Sheriff Gautreaux and Warden Grimes argue that Plaintiff should not be entitled to discovery until after there is a determination on whether they have qualified immunity for the claims brought against them in their individual capacities, and further assert that they had no personal involvement in the alleged violations. (R. Doc. 20 at 2-3). Sheriff Gautreaux and Warden Grimes further argue that Plaintiff has not established a pattern of constitutional violations that would subject them to liability in their official capacities. (R. Doc. 20 at 3-4).

### III.    Legal Analysis

#### A.    Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed

to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

If "matters outside the pleadings are presented to and not excluded by the court" in connection with a Rule 12(b)(6) motion, Rule 12(d) instructs the Court to treat the motion as "one for summary judgment under Rule 56." Here, Defendant has presented evidence outside of the pleadings along with its Motion to Dismiss. Because this evidence is not considered by the court in connection with the instant Motion, the court treats the instant Motion solely as one to dismiss under Rule 12(b)(6).

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, custom, or usage . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under section 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lauderdale v. Texas Dep't of Criminal Justice*, 512 F.3d 157, 165 (5th Cir. 2007) (internal quotation marks and citation omitted). "[A]llegations of callous indifference are sufficiently within the ambit of purposeful acts to state a claim of constitutional deprivation under § 1983." *Lopez v. Houston Indep. Sch. Dist.*, 817 F.2d 351, 355 (5th Cir. 1987) (overruled on other grounds).

"Under § 1983, a municipality or local governmental entity . . . may be held liable only for acts for which it is actually responsible." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998) (noting that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658,

7

691 (1978) ("Congress did not intend municipalities to be held liable [for purposes of § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Consequently, "[t]o establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citation and internal quotation marks omitted). To this end, "[a] plaintiff must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* at 541–42 (citation and internal quotation marks omitted). The plaintiff must also "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997). Municipalities and other local governmental units "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91.

    **B.    EBR's Motion to Dismiss**

Plaintiff seeks recovery from EBR pursuant to Section 1983 on the theory that it is "liable for the negligent acts of its employees at Prison Medical Services who acted below a standard of care expected of trained medical personnel" and is "responsible for setting policy and procedure in the administration of medical services to prison inmates." (Am. Compl., ¶ 21). To the extent Plaintiff is alleging that EBR is vicariously liable for the acts of its employees, Plaintiff's claims must fail. *See Monell*, 436 U.S. at 690.

8

In order for a prisoner-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen,* 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation which he believes he should have is not the issue. *Estelle*, 429 U.S. at 107. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Johnson,* 759 F.2d at 1238. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference," *Farmer v. Brennan,* 511 U.S. 825, 839-40 (1994), and in order to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson,* 759 F.2d at 1238). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not[,] is insufficient to show deliberate indifference." *Id.* (internal citation omitted). Further, a mere delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The Petition does not allege or otherwise identify a policy, practice, or custom that was not enforced and that prohibited the alleged conduct of providing adequate medical care. Plaintiff nevertheless argues that EBR had in place a policy, practice, or custom of allowing its employees to "reject legitimate complaints made by detainees and prisoners." (R. Doc. 18 at 7). Plaintiff attempts to support this claim by referencing an article titled "Medical Staff: Prison Situation Critical," *The Advocate*, August 27, 2015. (R. Doc. 18 at 7). To the extent Plaintiff is using the article as summary-judgment type evidence to demonstrate that it is "widely known" in the general public that EBR had in place such a policy, the court will not consider it as no such allegation was made in the Petition. Even if the court did consider Plaintiff's reference to the article, it finds that Plaintiff's allegation that EBR had a policy, practice, or custom of allowing its employees to "reject legitimate complaints made by detainees and prisoners" to be conclusory.

Finally, Plaintiff has not alleged sufficient facts to establish that EBR acted with "deliberate indifference" to his claims. There is no allegation that Harden requested medical care and it was denied. There is no allegation that any complaints were ignored. There is no allegation that Harden was intentionally provided certain incorrect treatment. At most, Plaintiff alleges standards for negligence and medical malpractice that do not give rise to a Section 1983 cause of action. *See Varnado*, 920 F.2d at 321. In short, Plaintiff merely alleges that Harden had SCD, had a permanent intravenous port that required monthly flushing, and had a bilateral pulmonary embolism which caused his death within days of his arrest.

Based on the foregoing, Plaintiff has failed to plead sufficient facts to support a 42 U.S.C. § 1983 claim alleging an Eighth Amendment violation against EBR.

### C.     Sheriff Gautreaux and Warden Grimes

#### 1.     Individual Capacities

Plaintiff asserts Section 1983 claims against Sheriff Gautreaux and Warden Grimes in their individual capacities and they have responded with the affirmative defense of qualified immunity.[3]

The qualified immunity defense protects government officials "from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The qualified immunity defense entitles a defendant to avoid the "burdens of litigation" as well as liability.  *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  The analysis has two prongs.  "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.*  In order to carry this burden, the plaintiffs must establish (1) that the defendants committed a constitutional violation under current law and (2) that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the alleged misconduct. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).  The court may conduct this two-pronged qualified immunity inquiry in any sequence. *Manis*, 585 F.3d at 843 (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).  "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to

---

[3] Qualified immunity is not available to these defendants to the extent they have been sued in their official capacities. *See Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990) (holding city official's liability for back pay was in her official capacity, so doctrine of qualified immunity did not apply).

11

the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).  Thus, "[e]ven law enforcement officials who 'reasonably but mistakenly [commit a constitutional violation]' are entitled to immunity." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Plaintiff has failed rebut the qualified immunity defense.  Plaintiff has failed to allege any genuine facts that, if true, would establish that Sherriff Gautreaux or Warden Grimes had any personal knowledge of or participation in Harden's care and treatment.  Plaintiff merely argues, in conclusory fashion, that sheriff deputies serving as prison guards "would have known that their acts or failure to act in providing adequate medical care to an inmate violated clearly established law." (R. Doc. 18 at 6).  This conclusory statement does not establish a "genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown*, 623 F.3d at 253.  Furthermore, Plaintiff has failed to allege any facts providing that Sheriff Gautreaux or Warden Grimes actions were objectively unreasonable.  Plaintiff does not allege or otherwise establish that Sheriff Gautreaux or Warden Grimes knew of, or had any contact with, Harden during his incarceration and prior to his death.

Based on the foregoing, Plaintiff has failed to plead sufficient facts to support a 42 U.S.C. § 1983 claim alleging an Eighth Amendment violation against Sheriff Gautreaux and Warden Grimes in their individual capacities.

### 2. Official Capacities

A suit against a municipal government official in his official capacity is equivalent to a suit against the municipality of which he is an agent. *Burge v. Parish of St.Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *see Monell*, 436 U.S. 658, 690 n. 55 (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an

agent"). To determine whether a public official is liable in his official capacity, the court must look to jurisprudence discussing whether the municipality is liable under Section 1983. *Burge*, 187 F.3d at 470.

There is no dispute that Plaintiff can bring a claim against Sheriff Gautreaux and Warden Grimes in their official capacities. Sheriff Gautreaux is considered a "final policymaker" under Louisiana law and may be sued in his official capacity. *See Craig v. St. Martin Parish Sheriff*, 861 F. Supp. 1290, 1301 (W.D. La. 1994); La. Const. art. 5, § 27 ("[The sheriff] shall be the chief law enforcement officer in the parish."). Warden Grimes is considered a "final policymaker" for the EBR Prison. *See Parker v. Gautreaux*, No. 12-00605, 2014 WL 4185296, at *4 (M.D. La. Aug. 21, 2014). Accordingly, Plaintiff's respective claims against these individuals in their official capacities are really claims against the East Baton Rouge Parish Sheriff's Office ("EBRPSO") and the EBR Prison.

### (a) Respondeat Superior

The Amended Complaint alleges that Sheriff Gautreaux is vicariously liable for the acts of his deputies. (Am. Compl. ¶ 18). Under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996). Accordingly, Plaintiff's claims against Sheriff Gautreaux, and therefore the EBRPSO, under the doctrine of *respondeat superior* pursuant to Section 1983 must be dismissed.

### (b)     Failure to Supervise or Train

As with EBR, the Amended Complaint does not specifically allege or otherwise identify a policy, practice, or custom that was not enforced and that prohibited the alleged conduct of providing adequate medical care.  Plaintiff merely provides conclusory arguments that "it is widely known that the East Baton Rouge Parish Prison systematically rejects legitimate complaints made by detainees and prisoners." (R. Doc. 18 at 7).

Plaintiff does allege, however, that Sheriff Gautreaux, and therefore the EBRPSO, is liable for "failing to train and supervise prison personnel to act in accordance with law with regard to inmate care." (Am. Compl., ¶ 19).  Similarly, Plaintiff alleges that Warden Grimes, and therefore the EBR prison, "is liable for failing to directly supervise employees with regard to inmate services and inmate's rights." (Am. Compl., ¶ 20).

For a § 1983 claim for failure to supervise or train to survive dismissal, plaintiffs must demonstrate that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998). "[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011).  "A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities," which is not allowed pursuant to Section 1983. *Id.* (citations omitted).

To establish deliberate indifference in this context, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation omitted); *see also Languirand v. Hayden*, 717 F.2d 220, 227-28 (5th Cir. 1983) ("[A] municipality is not liable under section 1983 for the negligence or gross negligence of its subordinate officials, including its chief of police, in failing to train the particular officer in question, in the absence of evidence at least of a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force."). "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). "Proof of a single incident generally will not support a finding of inadequate training as a matter of custom or policy." *Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 522 (5th Cir. 2007).

Plaintiff has failed to make sufficient, non-conclusory allegations indicating that Sheriff Gautreaux and/or Warden Grimes failed to supervise or train the subordinate official; a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and their failure to train or supervise amounts to deliberate indifference. *Smith*, 158 F.3d at 911-12. At most, Plaintiff has alleged that certain prison personnel knew or should have known of Harden's medical condition when he was disrobed. (R. Doc. 8 at ¶ 26). This fact, assumed to be true for the purposes of this motion, does not establish that the officers were trained improperly or supervised improperly with regard to medical treatment. To survive a motion to dismiss,

15

Plaintiff must allege a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation. Plaintiff has not done so.

Based on the foregoing, Plaintiff has failed to plead sufficient facts to support a 42 U.S.C. § 1983 claim alleging an Eighth Amendment violation against Sheriff Gautreaux and Warden Grimes in their official capacities.

D.   **The Remaining State Law Claims**

Plaintiff has invoked the Court's supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claims are brought pursuant to Louisiana Civil Code Article 2315.1 (survivor action) and Louisiana Civil Code article 2315.2 (wrongful death action). (Am. Compl., ¶¶ 3, 5).

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "While the Court has wide discretion in determining whether to exercise supplemental jurisdiction, the 'general rule' is to decline to exercise such jurisdiction when all federal claims have been eliminated prior to trial." *Gopalam v. Smith*, No. 12-542, 2014 WL 518199, *9 (M.D. La. Feb. 6, 2014) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002). Because the undersigned is recommending dismissal of all of the claims over which the court had original jurisdiction, it is also recommended that the court decline the exercise of supplemental jurisdiction over the Plaintiff's remaining state law claims. *See Coleman v. E. Baton Rouge Parish Sheriff's Office*, No. 14-00186, 2014 WL 5465816, at *6-7 (M.D. La. Oct. 28, 2014).

## IV. Conclusion

**IT IS THE RECOMMENDATION** of the magistrate judge that the Motions to Dismiss filed by EMS/Prison Medical Services, a division of East Baton Rouge City/Parish Government, and East Baton Rouge City/Parish Government (R. Doc. 13) should be **GRANTED**. Plaintiff's claims against those defendants pursuant to 42 U.S.C. § 1983 should be **DISMISSED with prejudice**.  The court should decline to exercise jurisdiction over the remaining state law claims, and those state law claims should be **DISMISSED without prejudice.**

**IT IS THE FURTHER RECOMMENDATION** of the magistrate judge that the Motions to Dismiss filed by Sid J. Gautreaux, III, Individually and as Sheriff of East Baton Rouge Parish, and Dennis Grimes, Individually and as Warden for the East Baton Rouge Parish Prison (R. Doc. 15) should be **GRANTED.**  Plaintiff's claims against those defendants pursuant to 42 U.S.C. § 1983  should be **DISMISSED with prejudice**.  The court should decline to exercise jurisdiction over the remaining state law claims, and those state law claims should be **DISMISSED without prejudice.**

Signed in Baton Rouge, Louisiana, on November 6, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**